Green, Judge,
delivered the opinion of the court:
This action was begun to recover a refund due, as it is alleged, on account of overpayment of income and excess-profits taxes for the year 1917. The facts in the case are briefly and concisely stated in the findings.
The claim is that the plaintiff and the First National Bank of Montgomery were affiliated corporations within the meaning of the statute, and for the year 1917 are entitled to have the Federal excess-profits taxes computed on the basis of a consolidated return in view of the fact that the First Na- *171 owned all the stock of the plaintiff corporation.
Section 1331 of the revenue act of 1921, 42 Stat. 227, 319, provides among other things that:
“(b) For the purpose of this section a corporation or partnership was affiliated with one or more corporations or partnerships (1) when such corporation or partnership owned directly or controlled through closely affiliated interests or by a nominee or nominees all or substantially all the stock of the other or others, or (2) when substantially all the stock of two or more corporations or the business of two' or more partnerships was owned by the same interests: Provided, That such corporations or partnerships were engaged in the same or a closely related business, or one corporation or partnership bought from or sold to another corporation or partnership products or services at prices above or below the current market, thus effecting an artificial distribution of profits, or one corporation or partnership in any way so arranged its financial relationships with another corporation or partnership as to assign to it a disproportionate share of net income or invested capital.”
It will be observed that in order to come within the statute there are two requisites, namely, (1) and (2) of the statute quoted, and these requisites are further limited by a proviso. As the bank owned directly all the stock of the plaintiff corporation, the requisites of (1) were complied with. This, however, alone and by itself is not sufficient. The plaintiff must bring itself within the requirements of the proviso. The situation is so manifestly not included in the first two requirements of the proviso that it is not necessary to give them any consideration. The last provision of the proviso requires that one of the corporations alleged to be affiliated should have so arranged its financial relationships with the other “ as to assign to it a disproportionate share of net income or invested capital.” There is nothing in the evidence or facts to show that this has been done. In short, none of the three requirements of the proviso are shown to exist.
It follows that plaintiff’s petition must be dismissed, and it is so ordered.
Sinnott, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.